UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WAYNE ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No.  2:12-cv-2575-EFB<br><br><br><br>ORDER |

Counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $17,206.47 pursuant to 42 U.S.C. § 406(b).  Counsel represented plaintiff both in this action and in a prior federal case related to the same application for benefits.  *See Anderson v. Colvin*, 2:09-cv-3416-CMK.  In this action, the court previously awarded plaintiff a fee of $4,476.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF No. 27.  In plaintiff's prior case, counsel was awarded $6,167.53 pursuant to the EAJA.  *Anderson v. Colvin*, 2:09-cv-3416-CMK, ECF No. 27.  Plaintiff entered into a fee agreement with his attorney which provides that plaintiff would pay his attorney 25 percent of any past-due benefits won as a result of the appeal in his case, plus expenses.  *Id*. at 37 (Ex. F).  Counsel contends that a fee of 25 percent of past benefits is reasonable for his seven years of work on this case, but that he is only

1

seeking a lesser amount of $17,206.47.[1]  ECF No. 27 at 3.  Plaintiff's counsel submitted a declaration showing that he spent 90.6 hours on plaintiff's case.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991).  While 25 percent of past due benefits is the statutory maximum fee, it is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

After plaintiff was found disabled, he was awarded past-due benefits in the amount of $104,623.00.  ECF No. 27-2.  Through the instant motion, plaintiff's counsel seeks an award of $17,206.47, which is substantially less than the 25 percent statutory maximum.  Additionally, plaintiff's counsel has already been awarded fees under EAJA in the amount of $10,643.53.  ECF No. 27; *Anderson v. Colvin*, 2:09-3416-CMK, ECF No. 27.  Counsel provides that upon receipt of a fee award in the amount of $17,934.50, he will refund the plaintiff the sum of $10,643.53 previously awarded under the EAJA.  ECF No. 29.  Thus, plaintiff's counsel seeks a total of $17,934.50.  This would constitute an hourly rate of $197.95, based on the 90.6 hours counsel spent on the case.  Based on the risk of loss taken in representing plaintiff, the quality of counsel's representation, and his experience in the field of Social Security law, the court finds

---

[1] The Commissioner states that she has no objection to award for the amount sought.

that rate to be reasonable. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (discussing cases where courts granted fees based on hourly rates from $187.55 to $694.44, and awarding effective hourly rate of $450.00). Further, given the result achieved in this case, the court finds the amount of hours expended to be reasonable. Therefore, plaintiff's counsel should be awarded the sum of $17,206.47 in fees pursuant to 42 U.S.C. § 406(b). [2]

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 27) is granted;

2. Plaintiff's counsel is awarded $17,206.47 in fees pursuant to 42 U.S.C. § 406(b); and

3. Upon receipt of the $17.206.47 award, counsel shall refund to plaintiff the sum of $10,643.53 previously awarded under the EAJA.

DATED: December 3, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As mentioned herein, plaintiff's counsel pursued, and was awarded, fees under the EAJA in the amount of $10,643.53. Ordinarily, the EAJA award offsets any attorney's fee received pursuant to a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 796 (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff). Accordingly, counsel is directed to refund to plaintiff the sum of $10,643.53 previously awarded under the EAJA.

3